UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Case No. 1-20-00841 |
| | : | |
| CRAIG B. DEIMLER, | : | |
| WILLIAM OLIVER FISHER-DEIMLER, | : | |
| Debtors | : | Chapter 13 |

## OBJECTION TO 1st AMENDED CH. 13 PLAN
## BY JOHN AND CYNTHIA SIMPKINS

AND NOW, this 30th day of September 2020, come John and Cynthia Simpkins (hereinafter the "Creditors"), and object to Debtors' 1st Amended Chapter 13 Plan as follows:

1. The Debtors' petition contains deliberately false information, including that Debtor Craig Deimler has not used any business name or EIN within the last 8 years, that he is not a sole proprietor, and that his debts are primarily consumer debts.

2. Debtors' B22 lists Capital Region Water as a creditor secured against various properties including 2106 Bellevue, but that property is not listed on Schedule A.

3. Debtors now state an intent to retain and make payments on 3 separate timeshares, meaning they are intending to vacation at their creditors' expense.

4. Debtors' SFA does not list wages for 2019.

5. Debtors' residence, which is owned by an LLC and not Debtors individually[1], is far underwater, such that retaining it is merely a drain from the funds that would otherwise be available to pay creditors (and, further, it is believed and therefore averred that (a) Debtors are unable to act individually relative to the debt of the LLC and (b) there is no lease between BFCD LLC and Debtors listed for this property).

---

[1] Creditors believe there is a question as to whether the Debtors' residence is even an asset of the Estate given how it is titled.

6. Debtors list as assets on Schedule B a 2019 Ford Expedition (which is under water by almost $15,000), a VW Jetta, a Ford Escape, and a Ford Mustang (which is underwater by over $7,000).

7. Two (2) Debtors do not need 4 vehicles; Debtors should retain the 2 vehicles with no or the lowest monthly payments unless there is a medical reason requiring retaining a different one instead.

8. Further, all of the referenced vehicles except the Expedition are owned by BFCD LLC and not Debtors individually (such that the same question arises as to whether they are assets of the Estate), nor is there listed any lease between BFCD LLC and Debtors for the vehicles.

9. Debtors' Schedule B lists 2 mink coats as being worth $1,000; Creditors believe the minks are undervalued, such that there is non-exempt value available for creditors.

10. Debtors' Schedule J lists the following expenses that appear to be unreasonably high and for which supporting documentation should be provided along with the reason why same are necessary to Debtors' reorganization:

    a. $833/mo for real estate taxes on the residence (owned by the LLC)

    b. $500/mo electric

    c. $200/mo water/sewer/trash

    d. $150/mo clothing/laundry

    e. $490/mo transportation

    f. $200/mo entertainment

    g. $969/mo Ford Expedition (see also Paragraphs 6-8 above)

    h. $560/mo Ford Mustang (see also Paragraphs 6-8 above)

      i.      Disney Timeshare (with no amount listed)(see also Paragraph 3 above)

11.      Debtors also list a monthly expense of $700 for a piano, but the income presumably related to the piano is less than that. Clearly the piano is not necessary for Debtors' reorganization, but rather is a further drain on the monies otherwise available for creditors.

12.      Likewise, Debtors list monthly expenses of $3470 for mortgages other than on the residence, but only $900/mo income from the other properties. The other properties are not necessary to the Debtors' reorganization and are yet another drain on monies otherwise available to creditors.

13.      Debtors' 1st Amended Plan proposes to pay outside of the Plan on the piano, time-shares, the Expedition, the Jetta, and various residential and non-residential mortgages.

14.      As noted above, the piano, timeshares, Expedition, Mustang, and non-residential real estate are not necessary to the Debtors' reorganization, such that the amounts scheduled and listed in the 1st Amended Plan to be paid on same should instead be paid to creditors.

15.      Debtors' 1st Amended Plan was not filed in good faith, such that it cannot be confirmed pursuant to Code Section 1325(a)(3).

WHEREFORE, the Creditors respectfully requests that confirmation of the 1st Amended Plan be denied, and for such other relief as may be just and appropriate.

**Austin Law Firm LLC**

By: /s/ *Sara A. Austin*
Sara A. Austin, Esq.
226 E. Market Street
York, PA 17403
717-846-2246
Supreme Ct. I.D. No. 59052
Counsel for Creditors

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 30, 2020, a true and correct copy of the foregoing document was or will be served on the following via ECF:

Dorothy L. Mott, Esq.
Kara Gendron, Esq.
 Counsel for Debtor

Charles J. DeHart, III, Trustee
 Ch. 13 Trustee

                /s/ *Sara A. Austin*