UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Case No. 1-20-00841 |
| | : | |
| CRAIG B. DEIMLER, | : | |
| WILLIAM OLIVER FISHER-DEIMLER, | : | |
| Debtors | : | Chapter 13 |
| | | |
| CRAIG B. DEIMLER, | : | |
| WILLIAM OLIVER FISHER-DEIMLER, | : | |
| Movants/Objectors, | : | OBJECTION TO CLAIM #34 |
| v. | : | |
| | : | |
| JOHN AND CINDY SIMPKINS, | : | |
| Respondents/claimants | : | |

**RESPONDENTS' AMENDED BRIEF IN OPPOSITION
TO DEBTORS' OBJECTION TO PROOF OF CLAIM**

AND NOW, this 22nd day of December 2020, come John and Cynthia Simpkins (the "Respondents"), and explain to the Court why the Debtors' objection to their Proof of Claim ("POC") must be denied and dismissed, as follows:

FACTUAL AND PROCEDURAL BACKGROUND

Respondents wanted a reputable company to remodel their laundry room, kitchen and full bath. They found Deimler Family Construction through an on-line Google search. All of their contacts were with Debtor Craig Deimler. They signed a contract with Deimler Family Construction, which contract was prepared and handed to them by Debtor Craig Deimler. The contract is attached as pages 1-11 of Docket #112 (hereafter the "Contract"). Respondents made several payments under the Contract, including one on October 23, 2018, in the amount of

1

$12,000.00; that payment was endorsed on the back by Craig Deimler individually. <u>See</u>, page 28 of Docket #112. No payment was made payable to GCD Construction, Inc.

Due to the poor (or lack of) performance by Deimler Family Construction, Respondents were forced to hire and pay another contractor to rip out and redo the work for which they had contracted with Deimler Family Construction. Respondents did not make the final payment to Deimler Family Construction; rather, after paying the new contractor, they are out of pocket a net additional cost of $130,000 (as set forth in their POC).

Debtor Craig Deimler filed his petition under Chapter 13 on March 4, 2020. Respondents filed their POC on May 12, 2020. Debtors filed an Objection to the POC on June 24, 2020, and Respondents filed their Response to the Objection on July 21, 2020. The Court held a status conference on September 23, 2020, during which it directed a briefing schedule relative to the objection to POC. This is the Respondents' Brief in Opposition to the objection to POC.

ISSUE PRESENTED

Whether the other party to the Contract is Debtor Craig B. Deimler or GCD Construction, Inc.?

<u>Suggested response</u>: Debtor Craig B. Deimler

LEGAL ARGUMENT

Debtors' Brief in Support of their Objection to the POC (Docket #110) attempts to make lemonade out of the lemons created by Debtor Craig Deimler, but it does not succeed.

The parties agree that the Contract is the relevant legal document in this case. Where they disagree is as to who is party to the Contract along with the Respondents. As noted by Debtors in their Brief (Docket #1120), the Contract is between Deimler Family Construction as contractor (see p.9 of the Contract) and Respondents as the homeowners. Also, the top of every page

2

Case 1:20-bk-00841-HWV    Doc 125    Filed 12/22/20    Entered 12/22/20 10:49:51    Desc
Main Document    Page 2 of 8

includes the logo for Deimler Family Construction. While the Contract does authorize GCD Construction, Inc. to perform the work under the Contract, GCD is not identified as a party to the Contract.

So, the question is, who or what is Deimler Family Construction, the identified Contractor and other party to the Contract? Deimler Family Construction is a fictitious name owned by and registered with the Department of State ("DOS") to Debtor Craig Deimler. See, Exhibit "A" attached to Respondents' original Brief (Docket #123) and incorporated by reference herein. According to DOS, Deimler Family Construction was registered as a fictitious name in 2015 and was still active at the time of filing of the instant case. Not only that, as recently as the end of 2019, Debtor Craig Deimler was still operating as Deimler Family Construction as evidenced by the docket for an MDJ suit brought against both Debtor Craig Deimler and Deimler Family Construction for eviction (possession of real property) and money damages. See, Exhibit "E" attached hereto and incorporated by reference herein.

The purpose of registering a fictitious name is so that it can be known who is operating under that name. Had GCD Construction, Inc. wanted to operate as Deimler Family Construction, it could have taken ownership of the fictitious name from Debtor Craig Deimler. GCD Construction, Inc. knew about fictitious names since it registered one, Deimler & Sons Construction, in 2012. See, Exhibit "B" attached to Respondents' original Brief (Docket #123) and incorporated by reference herein. However, GCD Construction, Inc. did not own the fictitious name Deimler Family Construction and therefore had no legal right to use or conduct business under that name.

Further, Debtor Craig Deimler held himself out to the public as the owner of Deimler Family Construction. See, Exhibit "C" attached to Respondents' original Brief (Docket #123) and incorporated by reference herein. Also, Deimler Family Construction advertised itself, but not as a part of GCD Construction, Inc. See, Exhibit "D" attached to Respondents' original Brief (Docket #123) and incorporated by reference herein.

Finally, and perhaps most importantly, if this Court finds the Contract to be ambiguous as to who is Deimler Family Construction, the Contractor, then the Contract as a written document must be construed against the drafter. Rusiski v. Pribonic, 515 A.2d 507, 510 (Pa. 1986); Central Transportation, Inc. v. Board of Assessment Appeals of Cambria County, 417 A.2d 144, 149 (Pa. 1980); Restatement (Second) of Contracts § 206 (1981). "Where a document is found to be ambiguous, inquiry should always be made into the circumstances surrounding the execution of the document in an effort to clarify the meaning that the parties sought to express in the language which they chose." Burns Manufacturing Co., v. Boehm, 356 A.2d 763, 766 n.3 (Pa. 1976). Here, the subject Contract was drafted by Debtor Craig Deimler; at no point did he ever tell the Respondents that the contract was with GCD Construction, but only Deimler Family Construction. Any ambiguity must be construed against Debtor Craig Deimler (and the interpretation he urges).

CONCLUSION

The Contract identifies Deimler Family Construction as the Contractor. Deimler Family Construction is a fictitious name registered to and owned by Debtor Craig Deimler. As such, Debtor Craig Deimler is the other party to the Contract and the filing of the POC in this case is proper.

4

WHEREFORE, the Respondents respectfully requests that this Honorable Court deny and dismiss the Debtors' objection to their POC, and for such other relief as may be just and appropriate.

**AUSTIN LAW FIRM LLC**

By: /s/ *Sara A. Austin*
Sara A. Austin, Esq.
226 E. Market Street
York, PA 17403
717-846-2246
Supreme Ct. I.D. No. 59052
Counsel for Respondents

# Magisterial District Judge 12-2-01

## DOCKET

Docket Number: MJ-12201-LT-0000468-2019

## Landlord/Tenant Docket



Gary Deimler
v.
Craig Deimler, Deimler Family Construction

Page 1 of 2

### CASE INFORMATION

| | | | |
|---|---|---|---|
| Judge Assigned: | Michael J. Smith | File Date: | 12/17/2019 |
| Claim Amount: | $6,000.00 | Case Status: | Closed |
| Judgment Amount: | $6,242.30 | County: | Dauphin |

### CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Recovery of Real Property Hearing | 12/27/2019 | 2:15 pm | | Michael J. Smith | Scheduled |

### CASE PARTICIPANTS

| Participant Type | Participant Name | Address |
|---|---|---|
| Defendant | Deimler, Craig | Harrisburg, PA 17111 |
| Defendant | Deimler Family Construction | Harrisburg, PA 17111 |
| Plaintiff | Deimler, Gary | Dauphin, PA 17018 |

### DISPOSITION SUMMARY

| Docket Number | Plaintiff | Defendant | Disposition | Disposition Date |
|---|---|---|---|---|
| MJ-12201-LT-0000468-2019 | Gary Deimler | Deimler Family Construction | Judgment for Plaintiff | 12/27/2019 |
| MJ-12201-LT-0000468-2019 | Gary Deimler | Craig Deimler | Judgment for Plaintiff | 12/27/2019 |

### CIVIL DISPOSITION / JUDGMENT DETAILS

**Disposition Date:** 12/27/2019    **Monthly Rent:** $3,000.00

| Defendant(s) | Plaintiff(s) | Disposition | Joint/Several Liability | Individual Liability | Net Judgment |
|---|---|---|---|---|---|
| Craig Deimler; Deimler Family Construction | Gary Deimler | Judgment for Plaintiff | $6,242.30 | $0.00 | $6,242.30 |

**Judgment Components:**

| Type | Amount | Deposit Amount | Adjusted Amount |
|---|---|---|---|
| *Costs | $28.75 | $0.00 | $28.75 |
| *Rent in Arrears | $6,000.00 | $0.00 | $6,000.00 |
| *Costs | $213.55 | $0.00 | $213.55 |

* Is Joint/Several

**Civil Disposition Details:**

| | |
|---|---|
| Grant possession. | No |
| Grant possession if money judgment is not satisfied by the time of eviction. | Yes |

MDJS 1200    Printed: 12/22/2020  10:11 am

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on these docket sheets. You should verify that the information is accurate and current by personally consulting the official record reposing in the court wherein the record is maintained.

EXHIBIT "E"

Case 1:20-bk-00841-HWV    Doc 125    Filed 12/22/20    Entered 12/22/20 10:49:51    Desc
Main Document    Page 6 of 8

# Magisterial District Judge 12-2-01

## DOCKET

Docket Number: MJ-12201-LT-0000468-2019

## Landlord/Tenant Docket

Gary Deimler
v.
Craig Deimler, Deimler Family Construction

Page 2 of 2



### DOCKET ENTRY INFORMATION

| Filed Date | Entry | Filer | Applies To |
|---|---|---|---|
| 01/17/2020 | Order for Possession Successfully Served | Magisterial District Court 12-2-01 | Craig Deimler, Defendant |
| 01/17/2020 | Order for Possession Successfully Served | Magisterial District Court 12-2-01 | Deimler Family Construction, Defendant |
| 01/15/2020 | Order for Possession Issued | Magisterial District Court 12-2-01 | Craig Deimler, Defendant<br>Deimler Family Construction, Defendant |
| 01/14/2020 | Order for Possession Requested | Gary Deimler | Craig Deimler, Defendant<br>Deimler Family Construction, Defendant |
| 12/27/2019 | Judgment for Plaintiff | Magisterial District Court 12-2-01 | Craig Deimler, Defendant |
| 12/27/2019 | Judgment for Plaintiff | Magisterial District Court 12-2-01 | Deimler Family Construction, Defendant |
| 12/27/2019 | Judgment Entered | Magisterial District Court 12-2-01 | Craig Deimler, Defendant |
| 12/27/2019 | Judgment Entered | Magisterial District Court 12-2-01 | Deimler Family Construction, Defendant |
| 12/23/2019 | Landlord/Tenant Complaint Successfully Served | Magisterial District Court 12-2-01 | Craig Deimler, Defendant |
| 12/23/2019 | Landlord/Tenant Complaint Successfully Served | Magisterial District Court 12-2-01 | Deimler Family Construction, Defendant |
| 12/17/2019 | Landlord/Tenant Complaint Issued via Hand Delivery | Magisterial District Court 12-2-01 | Craig Deimler, Defendant |
| 12/17/2019 | Landlord/Tenant Complaint Issued via Hand Delivery | Magisterial District Court 12-2-01 | Deimler Family Construction, Defendant |
| 12/17/2019 | Landlord/Tenant Complaint Filed | Gary Deimler | |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on these docket sheets. You should verify that the information is accurate and current by personally consulting the official record reposing in the court wherein the record is maintained.

EXHIBIT "E"

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 22, 2020, a true and correct copy of the foregoing document was or will be served on the following via ECF:

Kara Gendron, Esq.
    Counsel for Debtor


Charles J. DeHart, III, Trustee
    Ch. 13 Trustee


                                          /s/ *Sara A. Austin*